UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GNO REAL ESTATE HOLDINGS, LLC d/b/a NOLA LIVING REALTY<br>**Plaintiff**<br><br>v.<br><br>UPTOWN NOLA LIVING REALTY, LLC<br>**Defendants** | CASE ACTION NO.:<br><br>DIVISION " "<br>JUDGE<br><br>SECTION " "<br>MAGISTRATE JUDGE |

## COMPLAINT

Plaintiff, GNO Real Estate Holdings, LLC d/b/a NOLA Living Realty ("GNO"), submits this Complaint against Uptown NOLA Living Realty, LLC ("Uptown").

### PARTIES

1. GNO Real Estate Holdings, LLC is a Louisiana limited liability company with its principal place of business at 3841 Veterans Memorial Blvd. Suite 201, Metairie, Louisiana 70002, and with two satellite offices located at 800 W. Causeway Approach, Mandeville, LA 70471 and 3830 Bienville St., New Orleans, LA 70119.

2. GNO does business as NOLA Living Realty, and is the owner of common law trademark rights in the mark NOLA LIVING in connection with real estate marketing and sales services.

3. Defendant, Uptown NOLA Living Realty, LLC, is a Louisiana limited liability company having a principal place of business at 2630 Peniston Street, New Orleans, Louisiana 70115.

## JURISDICTION AND VENUE

4. This is an action for unfair competition and false designation of origin, under the Lanham Act, 15 U.S.C. § 1051 et seq., injury to business reputation and trademark dilution, under LA. REV. STAT. § 51:223.1, unfair trade practices, under LA. REV. STAT. § 51:1401 et seq., including unfair competition, and unfair or deceptive acts or practices in the conduct of trade and commerce, under LA. REV. STAT. § 51:1405(A).

5. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 (actions arising under the Lanham Act); 28 U.S.C. §§ 1338(a) and (b) (acts of Congress relating to trademarks, and unfair competition claims joined therewith); and, 28 U.S.C. §1367(a) (supplemental jurisdiction over related actions arising under state law).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF'S MARK

7. GNO has operated in the New Orleans metro area under its NOLA LIVING mark since 2012.

8. Since its founding in 2012, GNO's reputation for high quality real estate marketing and sales services has allowed it to grow to over 70 realtors who represent buyers and sellers across the greater New Orleans metropolitan area.

9. Since as early as December 2014, GNO has done business as NOLA Living Realty, and has used the trademark "NOLA LIVING" continuously and in interstate commerce to identify Plaintiff's real estate sales and marketing services.

10. An example of GNO's use of its NOLA LIVING mark is shown in its logo:



11. Since GNO began using its NOLA LIVING mark, substantial time, money and labor have been devoted to the development, enhancement, expansion, advertisement, promotion and marketing of GNO's services and product lines. As a result of these efforts, the extensive goodwill built up by GNO, and the high quality of services provided under the mark NOLA LIVING, since 2015, GNO has sold hundreds of millions of dollars' worth of real estate under its NOLA LIVING mark, with a market share that has grown by over 450% since GNO's adoption of its NOLA LIVING mark.

12. At no time has GNO licensed or otherwise authorized Uptown to use GNO's trademark.

## DEFENDANTS' ACTIONABLE CONDUCT

13. Uptown NOLA Living Realty, LLC was organized on or about February 5, 2019.

14. On information and belief, Uptown has sold, offered for sale, marketed and/or advertised its goods and services using the "UPTOWN NOLA LIVING" name which infringes GNO's "NOLA LIVING" mark. Customers are likely to be confused that the real estate markeing and sales services provided by Uptown under the name "UPTOWN NOLA LIVING" is somehow affiliated with, approved or sponsored by GNO.

15. On February 5, 2019, Uptown wrongfully registered the trademark UPTOWN NOLA LIVING with the Secretary of State for the State of Louisiana (Book # 69-8549). The registration indicates that Uptown first used the UPTOWN NOLA LIVING mark on February 5, 2019, over sever years after GNO began using its NOLA LIVING mark. A copy of Louisiana Secretary of State website displaying information related to Defendant's Louisiana registration is attached as Exhibit 1.

16. GNO has repeatedly contacted Uptown to demand that Uptown cease its infringing conduct. Specifically, on or around February 20, 2019, counsel for GNO sent a letter to Uptown advising Uptown of GNO's exclusive trademark rights and asking Uptown to cease its infringing conduct. A copy of said letter is attached as Exhibit 2. Despite several subsequent conversations with counsel for Uptown, Uptown continues to refuse to cease its infringing conduct. It is in view of Uptown's continuing intransigence that GNO files this complaint.

17. Uptown has willfully infringed GNO's NOLA LIVING mark and, despite repeated requests, has refused to stop using confusingly similar designations to sell and promote its services.

18. Uptown's infringing conduct is depriving GNO of the absolute right to control the quality of the services provided under the NOLA LIVING mark. GNO has spent many years building up enormous goodwill and value associated with the NOLA LIVING mark, which Uptown is now jeopardizing. GNO cannot control this goodwill while Uptown continues infringing upon the NOLA LIVING mark.

19. In addition, Uptown's infringement is damaging GNO's reputation. Uptown's blatant infringing conduct conveys to the public and to the marketplace that GNO's intellectual property can be taken advantage of and that its valuable brand can be used in a manner that is detrimental to its business. This damage to GNO's reputation will not only affect the NOLA LIVING mark, but will also affect GNO's business as a whole.

20. GNO has been and will continue to be damaged by Uptown's activities in an amount which can only be determined through an accounting.

## COUNT I

**(Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125)**

21. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 20 as if set forth fully herein.

22. This Count, arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), is for federal unfair competition and false designation of origin.

23. Plaintiff's NOLA LIVING mark has become uniquely associated with GNO, and identify GNO's goods and services to the public.

24. Defendant's use, and threatened continued use, of a confusingly similar mark, in connection with real estate marketing and sales services, constitutes unfair competition, and false designations of origin as to the services sold by and on behalf of Uptown and comprise false and misleading representations.

25. As a direct and proximate result of Defendant's false designations of origin and false and misleading representations, GNO has been damaged, and unless Uptown is restrained by this Court, GNO will continue to suffer serious, irreparable injury.

26. Plaintiff is entitled to recover from Uptown all damages sustained as a result of its acts. GNO is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

27. Defendant's conduct was intentional, and Plaintiff is entitled to an award of treble damages against Defendant.

28. Plaintiff is entitled to an order preliminarily and permanently enjoining Uptown from further acts of unfair competition, false designations of origin, and false and misleading representations.

29. Uptown's acts make this an exceptional case, warranting attorney fees and costs.

## COUNT II

**(Injury to Business Reputation and Trademark Dilution under La. R.S. § 51:223.1)**

30. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 29 as if set forth fully herein.

31. This Count, arising under LA. REV. STAT. § 51:223.1, is for injury to business reputation, and trademark dilution.

32. Defendant's use, and threatened continued use, of the confusingly similar trademark has injured, or is likely to injure, GNO's business reputation, and has diluted, or will dilute, the distinctive character of Plaintiff's NOLA LIVING mark, through blurring and/or tarnishment. Unless enjoined, Defendant's conduct will cause GNO further irreparable harm, and GNO is entitled to injunctive relief.

## COUNT III

**(Unfair Trade Practices Under La. R.S. § 51:1401, *et seq.*)**

33. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 32 as if set forth fully herein.

34. This Count, arising under LA. REV. STAT. § 51:1401 et seq., is for unfair methods of competition and unfair and deceptive acts or practices.

35. Defendant's activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405.

36. Pursuant to LA. REV. STAT. § 51:1409, GNO is entitled to recover from Defendant all actual damages sustained by Plaintiff as a result of Defendant's acts. GNO is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

37. Unless enjoined, Defendant's unfair methods of competition, and unfair and deceptive acts and practices, will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief.

## COUNT IV

**(Cancellation of the "UPTOWN NOLA LIVING" Trademark under La. R.S. 52:219)**

38. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 37 as if set forth fully herein.

39. This Count, arising under La. R.S. 52:219, seeks cancellation of the UPTOWN NOLA LIVING trademark registered by Uptown with the Secretary of State for the State of Louisiana.

40. The UPTOWN NOLA LIVING mark is so similar to Plaintiff's NOLA LIVING mark that the public is likely to be confused, mistaken, or deceived that the goods and services sold under the UPTOWN NOLA LIVING mark are somehow affiliated with, approved or sponsored by Plaintiff.

41. The NOLA LIVING mark has been in consistent use since as early as 2012.

42. Pursuant to LA. REV. STAT. § 51:219, GNO requests that this Court cancel the UPTOWN NOLA LIVING trademark registered to Defendant in the state of Louisiana.

## PRAYER FOR RELIEF

43. A preliminary and permanent injunction against continued infringement of the NOLA LIVING mark by Defendant and all persons operating in concert with Defendant;

44. Cancellation of the UPTOWN NOLA LIVING trademark registered with the Louisiana Secretary of State;

45. An accounting for and award of damages resulting from Defendant's sale, offer for sale and marketing of its infringing services;

46. An award of treble damages against Defendant;

47. An assessment of interest on the damages;

48. An award of Plaintiff's costs, expenses and attorney fees in this action; and,

49. Such other and further relief as the Court deems appropriate.

DATED this 28th day of February, 2019.

          Respectfully submitted,

          /s/ Ian C. Barras
          Ian C. Barras, LA Bar No. 30854
          Gregory D. Latham, LA Bar No. 25955
          Kent Barnett, LA Bar No. 33002
          INTELLECTUAL PROPERTY CONSULTING, LLC
          334 Carondelet Street, Suite B
          New Orleans, LA 70130
          Telephone: (504) 322-7166
          Facsimile: (504) 322-7184
          ibarras@iplawconsulting.com
          glatham@iplawconsulting.com
          kbarnett@iplawconsulting.com
          *Attorneys for GNO Real Estate Holdings, LLC.*