UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GNO REAL ESTATE HOLDINGS, LLC** d/b/a **NOLA LIVING REALTY,**     Plaintiff, <br><br> v. <br><br> **UPTOWN NOLA LIVING REALTY, LLC** and **MOHAMAD SALEH,**     Defendants. | CASE ACTION NO.: 2:19-cv-01849 <br><br> SECTION "D" <br> JUDGE WENDY VITTER <br><br> DIVISION "5" <br> MAGISTRATE JUDGE <br> MICHAEL NORTH |

## EX PARTE MOTION FOR LEAVE TO AMEND

NOW COMES Plaintiff, GNO Real Estate Holdings, LLC d/b/a NOLA Living Realty ("GNO"), through undersigned counsel, who respectfully moves this Court to grant GNO leave to amend its Complaint pursuant to Federal Rule of Civil Procedure Rule 15(a)(2). In support of said motion, GNO states the following:

1. The Court's Scheduling Order dated April 29, 2019 (Rec. Doc. 10) included a deadline of May 29, 2019 for the parties to amend pleadings. This date was only one month after the Court's Scheduling Conference (also held on April 29, 2019), and was less than 40 days from the opening of discovery (the parties held their Rule 26(f) conference on April 22, 2019).

2. GNO served its first set of discovery requests on Uptown on April 26, 2019, but did not receive any replies until June 10, 2019 (and GNO is still waiting for Uptown to properly certify Uptown's interrogatory replies pursuant to Fed. R. Civ. P. 33(b)(5)). Consequently, any information GNO obtained in discovery came after the May 29th deadline to amend.

3. Anticipating this problem, GNO filed a motion requesting an extension of the deadline to amend set forth in the Scheduling Order, and Uptown did not oppose that motion. *See* Rec. Doc. 11. However, the Court denied GNO's request, instructing the parties to seek leave to amend after the deadline if necessary. *See* Rec. Doc. 12.

4. In view of this denial, GNO sought Uptown's consent to the filing of GNO's Amended Complaint, and Uptown's counsel confirmed, in writing, that Uptown does not oppose the filing of GNO's Amended Complaint. *See* email from counsel for Uptown, attached hereto as Exhibit A.

5. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." *See, e.g., Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995) ("leave to amend should be granted liberally…."). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Lowery v. Texas A&M Uni. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Moreover, where consent is provided by the opposing party, refusal to grant leave to amend would "disregard the express terms of [Rule 15(a)]". *Lowery*, 117 F.3d at 246 n.2.

6. Here, GNO seeks leave to amend to address two issues: (1) confirmation of certain facts via discovery sufficient to support naming Mr. Mohamad Saleh individually; and, (2) GNO's acquisition of trademark rights to the brand NOLA REALTY.

7. As noted above, GNO did not receive any responses to its first set of discovery requests until June 10th, eleven days after the original deadline to amend pleadings. In said responses, GNO obtained new information confirming that Mr. Saleh is the sole owner and operator of Uptown, and the only person responsible for the acts of infringement committed by Uptown. GNO specifically refers to Uptown's responses to GNO's 5th, 6th, and 7th Interrogatories, copies of which are attached hereto as Exhibit C. This new information alone justifies amendment of GNO's Complaint, as said information serves as the basis for naming Mr. Saleh individually in this suit.

8. With respect to GNO's acquisition of brand rights to the mark NOLA REALTY, while GNO acquired said rights on May 15, 2019 (*see* Exhibit B attached hereto), GNO did not immediately seek to amend its Complaint to assert its new brand rights as GNO felt it would be more efficient to wait until it received Uptown's discovery responses to file its Amended Complaint (so as to avoid filing multiple amended pleadings).

9. Finally, as noted above, Uptown has indicated it does not oppose the filing of GNO's Amended Complaint. This fact, combined with the substantive new issues addressed in GNO's Amended Complaint, support entry of GNO's Amended Complaint into the record.

WHEREFORE, Plaintiff respectfully prays this Court grant its motion to for leave to amend its Complaint.

DATED: July 10, 2019

Respectfully submitted,

/s/ Ian C. Barras
Ian C. Barras, LA Bar No. 30854
Gregory D. Latham, LA Bar No. 25955
Kent Barnett, LA Bar No. 33002
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, LA 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
ibarras@iplawconsulting.com
glatham@iplawconsulting.com
kbarnett@iplawconsulting.com
*Attorneys for GNO Real Estate Holdings, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system of the Eastern District of Louisiana, which will send notice of electronic filing to counsel of record for all parties in this case.

/s/ Ian C. Barras
Ian C. Barras