| | |
|---|---|
| **GNO REAL ESTATE HOLDINGS, LLC**<br>**d/b/a NOLA LIVING REALTY**<br>**Plaintiff** | **CIVIL ACTION NO. 2:219-CV 01849**<br><br>**SECTION: "G"** |
| **v.** | **DIVISION "5"** |
| **UPTOWN NOLA LIVING REALTY, LLC**<br>**Defendant** | **MAGISTRATE JUDGE, NORTH** |

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please list any known incidents of actual confusion or mistake in which any person believed that you were the source of a product or service marketed by GNO (including, without limitation, any inquiries referring to or mentioning GNO's Mark) and provide:

a. The name and address, or other means of identification, of the person who was confused or mistaken;

b. The date and place the incident occurred;

c. The identity of the goods or services involved;

d. A description of how the person was confused or mistaken;

e. The means by which you received notice of the instance; and

f. Whether any record was made of the instance, and if so, the name and address of the person who has custody of the record.

### RESPONSE TO INTERROGATORY NO. 1:

Mohamad Saleh, the person answering the Interrogatories on behalf of Uptown Nola Living Realty, LLC knows of no incidents or persons who were confused or mistaken as to GNO

Real Estate Holdings, LLC d/b/a Nola Living Realty, LLC as opposed to Uptown Nola Living Realty, LLC.

**INTERROGATORY NO. 2:**

Please state whether you use outside advertising firms in connection with the preparation of advertising, promotional materials, commercials, and point-of-sale materials for Defendant's services, including without limitation any websites, and identify the names of each firm used and/or retained and the person(s) in charge of the account.

**RESPONSE TO INTERROGATORY NO. 2:**

To date, Uptown Nola Living Realty, LLC has not used any advertisement of the sort mentioned in Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Please identify each real estate transaction for which Defendant acted as the agent for either the buyer or the seller since the adoption of Defendant's Mark, where such identifications shall include:

   a. Indication of Defendant's role as agent for purchaser, seller, or both;
   b. The municipal address of the property in question (or, if no municipal address is available, information sufficient to locate the property via publicly available mapping databases;
   c. The name, address, and phone number of Defendant's client(s) in said transactions;
   d. The name, address, and phone number of any counterparties in said transaction not represented by Defendant;
   e. The listing price of said property, and the sale price if the transaction closed; and
   f. The amount of money or other compensation received by Defendant for each transaction.

**RESPONSE TO INTERROGATORY NO. 4:**

M&T Lacour Children's Class Trust to Omar Alas. Property Location 1211 Minor Street, Kenner, Louisiana 70062.

   a. Uptown Nola Living Realty, LLC was the agent for this purchase.

b. Multiple lots were involved, but 1211 Minor Street, Kenner, Louisiana 70062 is the Municipal Address

c. Omar Alas was the client. Omar Alas resides at 1211 Minor Street, Kenner, Louisiana 70062.

d. M&T Lacour Grandchildren's Class Trust address is P. O. Box 153, Kenner, Louisiana 70063.

M&T Lacour Grandchildren's Class Trust does not have a telephone number the records of Uptown Nola Living Realty, LLC has to the transaction.

M&T Lacour Grandchild's Class Trust was reposed by Athens Real Estate, Tracy Fanguy, Agent (504) 237-7083.

e The listing price was $285,000.00. The sales price was $258,000.00 on April 15, 2019.

f. The commission paid to Uptown Nola Living, LLC is $7,740.00.

2) Michael Arthur Naigles to Mufeed, LLC on April 18, 2019. Property Location: 7207 Sally Street, Arabi, Louisiana 70032

a. Uptown Nola Living Realty, LLC was Agent for Mufeed, the purchaser.

b. The Municipal Address of the purchase is 1416 Spanish Oaks Drive, Harvey, Louisiana 70058.

c. Mufeed, LLC whose address is 1416 Spanish Oaks Drive, Harvey, Louisiana 0058. Telephone (504) 287-3243

d. The Seller was Michael Arthur Naigles 813 Daryl Drive, Chalmette, Louisiana 70043. Mr. Naigles' realtor was NOLA Real Estate 4 U, LLC. (504) 914-2250

e. The listing price was $79,000.00. The sales price was $85,000.00.

f. The amount of compensation received by Uptown Nola Living Realty, LLC is $1,950.00

**INTERROGATORY NO. 5:**

Please identify each person or entity with an ownership interest in the Defendant.

**RESPONSE TO INTERROGATORY NO. 5:**

Mohamad Saleh is the only person with an ownership interest in Uptown Nola Living Realty, LLC.

**INTERROGARY NO. 6:**

Please identity each person in day-to-day operational contrail of Defendant at any time since Defendant's formation, as well as the period of time said person had operational control, the scope of said operational control, and the business responsibilities of said person.

**RESPONSE TO INTERROGATORY NO. 6:**

Mohmad Saleh is the only person in operational control of Defendant, Uptown Nola Living Realty, LLC.

**INTERROGATORY NO. 7:**

Please identify each person who participated in, or contributed to, Defendant's decision or action to select and adopt the Defendant's Mark for use with, or in association with, any goods or services provided by Defendant.

**RESPONSE TO INTERROGATORY NO. 7:**

Mohamad Saleh, as the broker and owner of Uptown Nola Living Realty, LLC, made all such decisions.

**INTERROGATORY NO. 8:**

Please describe the process by which Defendant decided to adopt and use Defendant's Mark, including a description pf why Defendant's Mark was chosen and whether Defendant's Mark has any special significance or meaning.

**RESPONSE TO INTERROGATORY NO. 8:**

Mohamad Saleh has been coming to New Orleans for a period of time with the goal of opening a real estate brokerage. Mohamad Saleh has also invested in real estate, all in Uptown New Orleans. It seemed only natural for Mohamad Saleh to concentrate his activities as a real estate broker in Uptown New Orleans, the area wherein he has done the majority of his business.

The special significance or meaning of the name and Mark of Uptown Nola Living Realty, LLC is that said entity intends to concentrate its provision of real estate services in the Uptown section of the City of New Orleans.

**INTERROGATORY NO. 9:**

Please describe, in detail, Defendant's motivation and reasoning associated with its decision to operate in New Orleans, Louisiana under Defendant's Mark.

**RESPONSE TO INTERROGATORY NO. 9;**

Mohamad Saleh is an investor in property in Louisiana, primarily in Uptown New Orleans, Mohamad Saleh has a real estate firm in the Washington, D.C. area. It seemed natural for him to establish a similar firm in New Orleans, in the area wherein he has invested.

The Mark in question was chosen for the simple reason that it expressed the area and type of business Uptown Nola Living Realty, LLC is doing in New Orleans.

**INTERROGATORY NO. 10:**

Please identify each advertisement, commercial, or other promotional media or event b y or on behalf of Defendant, using or containing Defendant's Mark, or any similar marks, ever published, broadcast, displayed, or distributed (including, without limitation, newspaper advertisements, magazine advertisements, websites, online advertisements, handbills,

**brochures**, promotional flyers, and advertisements on radio, television, webcasts, podcasts, YouTube, or any other media), and state the date(s) on which each advertisement, commercial, or other promotional media or event occurred or was published, broadcast, displayed or distributed.

**RESPONSE TO INTERROGATORY NO. 10:**

    Facebook and Craigslist are the only venues used to date by Uptown Nola Living Realty, LLC.

**INTERROGATORY NO. 11:**

    Please identify each opinion of counsel that Defendant may rely on as a defense to any allegations or claim by GNO in the above- captioned law suit (including, without limitation, as to any one or more of the following: that the actions, conduct or activities of Defendant, or any other representative of Defendant, were either willful, intentional, deliberate, or in bad faith; that GNO's claims represent an "exceptional" case under 15 U.S.C. Sec. 1117(a); or, that GNO is entitled to treble damages and/or profits and an award of reasonable attorney fees.

**RESPONSE TO INTERROGATORY NO. 11:**

    Mohamad Saleh and Uptown Nola Living Realty, LLC have no legal opinions in their possession of the nature suggested by Interrogatory NO. 11.

    Mohamad Saleh individually and as representative of Uptown Nola Living Realty, LLC knows from his own knowledge that the complained of actions of the Defendant were not willful, intentional, or deliberate violations of the rights of the Plaintiff and that no bad faith is involved on the part of the Defendant.

**INTERROGATORY NO. 12:**

Please identify any third party or parties from whom Defendant acquired or received any right, title, license, claim or interest in or to the Defendant's Mark or any mark similar thereto.

**RESPONSE TO INTERROGATORY NO. 12:**

There is no person or entity other than the Secretary of State of the State of Louisiana from whom Defendant received the rights referred to in Interrogatory No. 12.

**INTERROGATORY NO. 13:**

Please identify each physical office location from which Defendant operates and describe, in detail, whether Defendant owns or leases space at said location; and to the extent space is leased, please identify the owner of the property.

**RESPONSE TO INTERROGATORY NO. 13:**

The physical location of Uptown Nola Living Realty, LLC is 5935 Magazine Street, New Orleans, Louisiana 70115 in real property belonging to Magazine Street Nola Investments, LLC, an LLC as to which Mohamad Saleh, the broker and owner of Uptown Nola Living Realty, LLC is both a member and investor.

A temporary office address for convenience was at 7630 Peniston Street, New Orleans, Louisiana, until the 5935 Magazine Street, new Orleans, Louisiana property was vacated by a previous tenant and made ready for occupancy.

No lease payments were paid to the owner of the 7630 Peniston Street property for the convenience of using the address until the 5935 Magazine Street, New Orleans, Louisiana property was ready for occupancy.

At the time of this response, no rental arrangements have been reached or requested for the use of the 5935 Magazine Street, New Orleans, Louisiana property Mohamad Saleh has both an interest in.

**INTERROGATORY NO. 14:**

Please identify any individuals who are domiciled (full or part time) in any physical office locations identified in Interrogatory No. 13, and for each identified person, specify at which location (from the list of locations identified in Interrogatory No. 13) such person resides.

**RESPONSE TO INTERROGATORY NO. 14:**

Suzanne Wimsatt and Nidal Jaber reside at 7630 Peniston, New Orleans, Louisiana, which property never housed Uptown Nola Living Realty, LLC, which address was only used for convenience until the 5935 Magazine Street, New Orleans, Louisiana property was vacated by a tenant and made ready for occupancy.

No person resides at the 5935 Magazine Street, New Orleans, Louisiana address wherein Uptown Nola Living Realty, LLC is to be housed.

**INTERROGATORY NO. 15:**

Please identify any individual associated or affiliated with Defendant who answers to or is known by the name "Dee" (or its phonetic equivalent), and please state whether said individual resides in Defendant's principal office location.

**RESPONSE TO INTERROGATORY NO. 15:**

No one named "Dee" is associated or affiliated with Defendant as to Uptown Nola Living Realty, LLC.

Nidal Jaber, who sometimes goes by the name "Dee" is a tenant of the 7630 Peniston Street, New Orleans, Louisiana owned by Suzanne Wimsatt.

Nidal Jaber, who sometimes goes by the name "Dee" is a member of Magazine Street Investments, LLC, the owner of the 5935 Magazine Street, New Orleans, Louisiana property wherein Uptown Nola Living Realty, LLC is to be housed.

**INTERROGATORY NO. 16:**

Please describe the timing of and circumstances under which Defendant, first became aware of GNO or GNO's Mark, including the identity of any individuals with knowledge of his initial awareness.

**RESPONSE TO INTERROGATORY NO. 16:**

Mohamad Saleh first became aware of the existence of GNO and GNO's mark through the attorney for Uptown Nola Living Realty, LLC receiving a phone call from someone named Ed Hernandez, who claimed to be the owner of GNO Real Estate Holdings, LLC, d/b/a Nola Living Realty.

Mohamad Saleh is of the belief that any and all persons in the law office of Eric Oliver Person, have knowledge of the pre-petition contact by Plaintiff or those associated with Plaintiff.

Respectfully submitted,

ERIC OLIVER PERSON, BAR NO. 10530
1539 Jackson Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 561-8612
Facsimile: (504) 561-8615
E-mail: eri@eoplaw.net

| | |
|---|---|
| **GNO REAL ESTATE HOLDINGS, LLC**<br>**d/b/a NOLA LIVING REALTY**<br>**Plaintiff** | CIVIL ACTION NO. 2:219-CV 01849 |
| | SECTION: "G" |
| v. | DIVISION "5" |
| **UPTOWN NOLA LIVING REALTY, LLC**<br>**Defendant** | MAGISTRATE JUDGE, NORTH |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared:

MOHAMAD SALEH.

who after first being duly sworn upon oath declared that the foregoing discovery responses on behalf of Uptown Nola Living Realty, LLC, are true and correct to the best of Affiants' knowledge, information and belief.

                                                                                          _____
                                                                                          MOHAMAD SALEH

Sworn to and subscribed before me,
Notary, this___day of_____, 2019.

_____
NOTARY PUBLIC

| | |
|---|---|
| **GNO REAL ESTATE HOLDINGS, LLC** <br> **d/b/a NOLA LIVING REALTY** <br> **Plaintiff** <br><br> v. <br><br> **UPTOWN NOLA LIVING REALTY, LLC** <br> **Defendant** | **CIVIL ACTION NO. 2:219-CV 01849** <br><br> **SECTION: "G"** <br> **DIVISION "5"** <br><br> **MAGISTRATE JUDGE, NORTH** |

## RESPONSE TO REQUESTS FOR PRODUCITON

### REQUEST FOR PRODUCITON NO. 1:

Please produce all documents Defendant used, referenced, or otherwise reviewed in preparing the responses to any Interrogatory Nin the above- captioned case.

### RESPONSE TO REQUEST OF PRODUCTION NO. 1:

Attached please find all documents in the possession of Uptown Nola Living Realty, LLC responsive to Request for Production No. 1.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all documents pertaining to the date Defendant first sold or delivered goods or services under Defendant's Mark.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

All documents responsive to Request for Production of Documents No. 2 have been produced in Request for Production No. 1.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all documents pertaining to decision or action to select and adopt Defendant's Mark for use with, or in association with, any goods or services offered by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant has no documents in its possession that are responsive to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents pertaining to any searches, investigations, or inquiries which Defendant conducted or procured, or caused to be conducted or procured, with respect to the selection, adoption or use (whether by Defendant GNO, or any third party or parties) of Defendant's Mark, GNO's Mark, or any marks similar thereto (including, but limited to, a copy of any such search, investigation, or inquiry).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The search made of names available was conducted by Pamela Person of the law office of Eric Oliver Person, sifting through the records of the Louisiana Secretary of State.

Mohamad Saleh and Uptown Nola Living Realty, LLC have no such documents in their possession.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents related to any marketing or advertising conducted by Defendant using Defendant's Mark, including but not limited to a sample of each type of advertisement, commercial, or other promotion made or used by or on behalf of Defendant, using or containing Defendant's Mark, or any mark similar thereto, ever published, broadcast, displayed, or distributed (including without limitation, newspaper advertisements, magazine advertisements, websites, online advertisements, handbills, brochures, promotional flyers, and

advertisements on radio, television, webcasts, podcasts, YouTube, or any other media), as well as any documents pertaining thereto.

**RESPONSE TO REQUEST FOR PRODUCION NO. 5:**

Uptown Nola Living Realty, LLC has no documents in its possession responsive to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all listing agreements entered into by Defendants since the adoption of Defendant's Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Please find what Defendant has in its possession responsive to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all invoices, receipts, or other documents evidencing any revenue received by Defendants since the adoption of Defendant's Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

All documents in possession of Uptown Nola Living Realty, LLC responsive to Request for Production No. 7 were provided in Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents pertaining to any business plan produced by or for Defendant with respect for use of Defendants' Mark in connection with any goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant has no documents in its possession responsive to Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents pertaining to any litigation, arbitration, mediation, dispute resolution, investigative proceeding, or administrative proceedings (other than for the present suit), or any settlement thereof, involving Defendant's Mark to which Defendant is or was a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant has no documents in its possession responsive to Request for Production No. 9.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents pertaining to the acquisition or reception by Defendant from any third party or parties any right, title, license, claim, or interest in or to Defendant's Mark or any mark similar thereto.

**RESPONSE TO REQUEST FO PRODUCTION NO. 10:**

Defendant has no documents in its possession responsive to Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any license, assignment, security interest, consent agreement, co-existence agreement, concurrent use agreement, settlement agreements, or other commercial transaction involving any mark including the tern NOLA to which Defendant is or was a party, as well as all documents pertaining thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant has no documents in its possession responsive to Request for Production No.

11.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents pertaining to how and when Defendant first became aware of GNO's Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant has no documents in its possession responsive to Request for Production No. 12.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents pertaining to the dollar amount expended by Defendant for advertising or promotion of Defendant's Mark in connection with goods or services offered by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant has no documents in its possession responsive to Request for Production No. 13.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce: (a) one copy of certificate of registration for each federal or state registration owned by Defendant for Defendant's Mark; (b) one copy of the filing receipt or other confirming documents for each federal or sate application owned by Defendant for Defendant's Mark; and (c) all documents pertaining to each registration or application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Attached please find what Defendant has in response to No. 14.

**REQUEST FOR PRODUCTION NO. 15:**

Please provide all documents pertaining to any test market or other research or marketing program conducted by or on behalf of Defendant to determine the marketability of, or consumer

reaction to, or consumer acceptance of any goods or services bearing Defendant's Mark, including but not limited to a copy of the results of such test market or program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant has no documents in its possession responsive to Request for Production No. 15.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents pertaining to any inquiry received by Defendant, whether orally or in writing, about whether goods or services sold or delivered by or on behalf of Defendant under Defendant's Mark were sponsored or endorsed by, or in any way connected with, GNO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant has no documents in is possession responsive to Request for Production No. 16.

**REQUEST FOR PRODUCITION NO. 17:**

Please produce all documents pertaining to any instance or occasion of confusion or mistake involving the source, origin, sponsorship, or affiliation of goods or services sold or delivered by Defendant under Defendant's Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant has no documents in its possession responsive to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 18:**

Please provide all documents pertaining to sales representatives engaged in promoting goods or services on behalf of Defendant bearing or providing under Defendant's Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

While Mohamad Saleh and Kaitlyn Demoran are Real Estate Agents on behalf of Uptown Nola Living Realty, LLC, Defendant has no documents responsive to Request for Production No. 18.

**REQUEST FOR PRODUCTION NO. 19:**

Please provide all documents pertaining to the channels of trade through which goods or services are presently distributed by or on behalf of Defendant bearing or provided under Defendant's mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant has no documents in its possession responsive to Request for Production No. 19.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents pertaining to the channel of trade through which goods or services bearing or provided under Defendant's Mark are planned or intended to be distributed within the next two years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant has no documents in its possession responsive to Request for Production No. 20.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents pertaining to the classes of purchasers of goods and services presently marketed, sold, or delivered by Defendant bearing or provided under Defendant's Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant has no documents in its possession responsive to Request for Production No. 21.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all documents pertaining to the classes of purchasers of goods and services to whom Defendant plans to market, sell, or deliver under Defendant's Mar within the next two years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant has no documents in its possession responsive to Request for Production No. 22.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce printed copies of any directory structure or other data storage or organizational scheme wherein any documents produced hereunder were originally stored or were ordinarily kept, where such copies shall display the fully expanded storage or folder structures associated therewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant has no documents in its possession responsive to Request for Production No. 23.

**REQUEST FOR PRODUCITION NO. 24.:**

Please produce all reports prepared for use in the above- captioned case by any person or entity retained or specifically employed to provide expert testimony.

**RESPONSE TO REQUEST FOR PRODUCITON NO. 24:**

Defendant has no documents in its possession responsive to Request for Production No. 24.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents relating to any expert report which may be offered into evidence in the above captioned case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant has no documents in its production responsive to Request for Production No. 25.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce, for any witness which may provide expert in the above captioned case, all communications which (1) related to compensation for the expert's study or testimony; (2) identify facts or data counsel provided to said witness and that the witness considered in forming the opinions to be expressed; or (3) identify assumptions that counsel provided and that said witness relied on in forming the opinions to be expressed.

**RESPONSE TO REQUEST FOR PRODUCITON NO. 26.**

Defendant has no documents in its possession responsive to Request for Production No. 26.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents reflecting, bearing on, or related to pricing, costs, expenses, revenue and profit related to arising from any good or services provided by Defendant under Defendants' Mark, including without limitation, accounting records, purchase orders, invoices, receipts, expense records, proof of payment, and any other pertinent business records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to Request for Production No. 27 as being overly invasive and the responses if produced will not lead to the discovery of information that is material to these proceedings.

Lastly, to assure full disclosure of all requested documents is had, please see the attached copies of properties Uptown Nola Living Realty has under contract.

Respectfully submitted,

_____
ERIC OLIVER PERSON, BAR NO. 10530
1539 Jackson Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 561-8612
Facsimile: (504) 561-8615
E-Mail: eric@eoplaw.net